UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA BURKE,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

Case number 06-12062

Honorable Julian Abele Cook, Jr.

ORDER

The Plaintiff, Pamela Burke, challenges a final decision by the Defendant, Jo Anne B. Barnhart, in her official capacity as the Commissioner of Society Security ("Commissioner") who had concluded that she is neither disabled nor entitled to disability insurance benefits or supplemental social security income. Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, Burke and the Commissioner have filed separate motions for summary judgment, with each party proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

On May 31, 2006, Magistrate Judge Steven Pepe, to whom these two dispositive motions were submitted for an evaluation, produced a report in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Burke's application for dispositive relief. No objection to the report has been filed by either party as of this date.

I.

Prior to the commencement of this action, Burke had been granted disability insurance

benefits and supplemental security income in February 1997 because of an open wound to the upper part of her body. However, the Commissioner officially notified Burke on January 4, 2002 that her disability benefits under the Social Security Act would terminate as of March 2002. Believing that the Commissioner's decision was incorrect, she sought and obtained a hearing before an administrative law judge. On October 11, 2004, the administrative law judge reaffirmed the Commissioner's January 4th decision and determined that Burke was no longer disabled within the meaning of the Social Security Act. He found that she, despite having been officially defined as a disabled person in November 1996, was no longer eligible to receive benefits because the evidence reflected a substantial improvement in her medical condition as well as an ability to perform work within the national economy. In rendering his decision, the administrative law judge acknowledged that Burke had suffered a gun shot wound to the face in November 1996. He recognized that she had also suffered multiple injuries from automobile accidents, as well as a multitude of physical maladies (i.e., fasciitis and cellulitis of the left thigh, controlled hypothroidism, asymptomatic hepatitis, affective disorder, and polysubstance abuse). Nevertheless, it was his conclusion that her medical conditions neither met nor equaled the requirements of any listed impairments in Appendix 1, Subpart P, of 20 C.F.R. § 404.1530(d).

    In his written decision, the administrative law judge found that Burke had retained a residual functional capacity for a significant range of work, with only a few limitations; to wit, lifting and/or carrying a maximum of twenty pounds occasionally and ten pounds frequently, sitting a maximum of six of eight hours within a typical work day, and standing or walking six of eight hours in a typical workday. It was his view that (1) Burke's past relevant work did not require the performance of those work functions that had been precluded by her medically determinable impairments, and (2) she could perform her past relevant work as a waitress.

II.

The final decision of the Commissioner is subject to review by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is that which is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S.C. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court, in *Richardson*, stated that "(i)t means such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). As such, those "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Moreover, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

III.

In her appeal to this court, Burke raises two challenges to the Commissioner's decision, namely, that the administrative law judge had (1) selectively and inconsistently rendered credibility determinations to support his finding that she was able to engage in substantial gainful activity, and (2) erred by determining that the medical opinions of her treating physician were not entitled to controlling weight.

Burke asserts that the administrative law judge was inconsistent in his judgments, in that he found her to be credible when it supported a finding that she was not disabled, yet concluded that she was not credible in those instances in which it supported his ultimate conclusion. Burke suggests that the administrative law judge should have attributed these inconsistencies to her unreliability as an unreliable medical historian. However, it is well within the authority of the

administrative law judge, who was able to observe her demeanor at the hearing, to decide which statements were credible. *See, e.g., Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 1997) (upholding decision where administrative law judge found plaintiff's testimony regarding pain symptoms only partially credible).

Next, Burke argues that the administrative law judge erred when he determined that the medical opinions of her treating psychiatrist were not entitled to controlling weight. While a treating physician's opinion should be given greater weight than those of consultative physicians whose professional services are restricted to matters relating primarily to a pending litigation, an administrative law judge may reject such opinions if he sets forth a reasoned basis for his decision. *See* 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2), *Jones v. Commissioner of Social Sec.,* 336 F.3d 469, 477 (6th Cir. 2003).

Here, the administrative law judge identified numerous inconsistencies between the report of Burke's treating physician and the other evidence of record. Significantly, he noted that the opinions and conclusions of Burke's treating physician were often in conflict with her own statements. For example, while the physician reported that Burke had continuous feelings of helplessness, hopelessness, and poor self-esteem, Burke reported that she felt happy most of the time and basically liked herself. Although the treating physician reported that Burke had a suffered a loss of interest in pleasurable activity, she gave a contrasting upbeat report on her life style. For instance, there was testimony that she was in the process of learning dressmaking, had developed an interest in exercise and engaging in other physical activity (e.g., using her bicycle), listening to the radio, and watching soap operas.

IV.

Following its review of the official record in this case, the Court is satisfied that the

administrative law judge's decision to uphold the Commissioner's conclusion (to wit, that Burke was no longer disabled) is supported by substantial evidence. Hence, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of the magistrate judge, (2) grant the Commissioner's motion for summary judgment, and (3) deny Burke's request for similar relief.

IT IS SO ORDERED.


Dated: August 23, 2007　　　　　　　　　　　s/ Julian Abele Cook, Jr.
　　　　　Detroit, Michigan　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge



Certificate of Service

　　　　I hereby certify that on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Alford
　　　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy Clerk